UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JORDANA M. BAUMAN,<br><br>Debtor,<br><br>───────────────────<br><br>MEL MARIN,<br><br>Appellant,<br><br>MICHAEL KOCH,<br><br>Appellee. | Case No.: 3:24-CV-1564 JLS (BLM)<br><br>**ORDER (1) GRANTING APPELLANT MARIN'S MOTION FOR IFP; (2) DENYING JORDANA BAUMAN'S MOTION FOR IFP; (3) DENYING APPELLANT MARIN'S MOTION FOR STAY PENDING APPEAL; AND (4) DENYING APPELLANT MARIN'S MOTION FOR TRO**<br><br>(ECF Nos. 8, 9, 11, 12) |

Appellant Mel Marin ("Appellant") filed this action, seeking appeal of an order of the bankruptcy court. ECF No. 1. He alleges he is a creditor in the bankruptcy case that is the subject of this appeal. *Id.* This Court was transferred the case on October 23, 2024. *See* ECF No. 14. Pending before the Court now are several motions filed by Appellant: (1) Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by Appellant Marin (ECF No. 8); (2) Emergency Motion to Stay Pending Appeal (ECF No. 11); and (3) Emergency Motion to Stay State Court Action by Temporary Restraining Order ("TRO") (ECF No. 12).

The Court notes Jordana Bauman, the Debtor in the underlying bankruptcy proceeding ("Debtor" or "Bauman"), is not indicated as an Appellant, *see* ECF No. 1; however, she appears to also seek relief from the Court, filing her own IFP Motion, and joining Appellant Marin's Motion for Stay Pending Appeal and Motion for TRO. *See* ECF Nos. 9, 11, 12.

After due consideration and for the reasons stated below, the Court **GRANTS** Appellant Marin's IFP Motion, **DENIES** Debtor Bauman's IFP Motion as moot, and **DENIES** the Motions to Stay Pending Appeal and for a TRO.

## BACKGROUND

Debtor Bauman initiated the underlying Chapter 13 bankruptcy proceeding in bankruptcy court on April 9, 2024. In re Jordana Bauman, No. 24-1264-CL3 (Bankr. S.D. Cal. Apr. 9, 2024) ("Bankruptcy Case"), ECF No. 1. Relevant to this appeal, the Court notes the following actions that took place in those proceedings.

First, Appellee Michael Koch ("Koch") filed a motion to lift the automatic stay.[1] *Id.*, ECF No. 22. After full briefing, on May 29, 2024, the bankruptcy court granted the motion to lift the stay. *Id.*, ECF No. 47. Second, Koch also filed a motion to dismiss Bauman's petition with prejudice and impose a four-year refiling bar. *Id.*, ECF No. 9. On June 3, 2024, the bankruptcy court granted that motion and dismissed the petition. *Id.*, ECF No. 59.

After the dismissal, on June 10, 2024, Bauman filed a motion for reconsideration of the dismissal order and order lifting the automatic stay. *Id.*, ECF Nos. 61–65, 68. On August 20, 2024, the bankruptcy court denied this motion for reconsideration. *Id.*, ECF No. 94. Appellant then initiated this appeal in this Court, in particular, appealing the August 20, 2024 order denying the motion for reconsideration. ECF No. 1-2. This is the only order of the bankruptcy court that has been brought on appeal.

---

[1] Upon the filing of a bankruptcy petition, 11 U.S.C. § 362 imposes an automatic stay on various actions that may be taken on or effect the estate at issue.

On October 22, 2024, Appellant filed two of the motions currently pending before the Court, which Debtor Bauman joined. ECF Nos. 11, 12. Both seek for the Court to take action to stop an eviction that was set to take place on October 23, 2024 at 2410 Albatross St., Unit 12, San Diego, CA 92101. ECF No. 11-5 at 1. Appellant states that he received the Notice of Eviction on Friday, October 18, 2024, and requests that the Court consider these motions on an emergency basis. ECF No. 11-1 at 1; ECF No. 12-2. Koch opposes Appellant's Motion for Stay Pending Appeal. ECF No. 13.

## MARIN'S MOTION TO PROCEED IFP

Parties instituting a bankruptcy appeal must pay a filing fee of $298[2] unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Appellant Marin indicates his income is $1,180, which he receives from retirement and "other." ECF No. 8 at 2. He also states that he has $60 in cash, $120 in bank accounts, and owns two motor vehicles, one with no value, and one with $100 value. *Id.* at 2–3. Further, he owns an "other" asset worth $100. *Id.* at 3. He writes that he cannot

---

[2] *See* Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed filing fee."); 28 U.S.C. § 1930(c) ("Upon the filing of any . . . notice of appeal . . . $5 shall be paid to the clerk . . . ."); Bankruptcy Court Miscellaneous Fee Schedule item 14 (listing $293 fee for appeals).

pay the costs of these proceedings because he has "to stop credit card []payments but they are already at the maximum so [he] ha[s] to pay something," and because he "has to eat specialty foods that are not cheap because of medical condition." *Id.* at 5. Appellant's Motion also indicates he has "50" years of schooling. *Id.* While the Court is skeptical of some of Appellant's representations—in particular, his asserted years of schooling—as Appellant indicates his monthly expenses exceed his monthly income, the Court concludes Appellant has adequately demonstrated that paying the filing $293 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Appellant's IFP Motion.

## BAUMAN'S MOTION TO PROCEED IFP

As noted above, Bauman is not alleged to be an appellant in this action, nor did she file the instant Notice of Appeal. Rather, Appellant Marin instituted this bankruptcy appeal, listing only himself as an appellant. *See* ECF No. 1. Accordingly, Bauman's Motion to Proceed IFP is **DENIED** as **MOOT** as Bauman is not required to pay a filing fee pursuant to Federal Rule Bankruptcy Procedure 8003(a)(3)(C) in this action.

## MOTION TO STAY PENDING APPEAL

### I. Legal Standard

Appellant's first motion requesting this Court to stay the eviction is brought as a motion to stay the bankruptcy order pending appeal. ECF No. 11-1.[3] Federal Rule of Bankruptcy Procedure 8007 sets out the requirements and procedures for filing a motion to stay pending appeal. Rule 8007(a) requires that the motion to stay pending appeal be filed first in bankruptcy court. Fed. R. Bankr. P. 8007(a) ("[A] party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal."). A party may then make the motion in the district court on direct appeal.

---

[3] The Court notes it is possible the eviction has already taken place, rendering any request to enjoin the eviction moot. However, as the Court otherwise finds the Motion for Stay Pending Appeal should be denied, the Court does not make a finding regarding mootness at this time.

Fed. R. Bankr. P. 8007(b).  In a motion made to the district court, the party must: (1) show that moving first in bankruptcy court would be impracticable, or (2) if the motion was made first in bankruptcy court, state that the bankruptcy court either has not ruled on the motion or that the court has ruled and state the reasons for the ruling.  *Id.*

"When deciding whether to issue a discretionary stay pending a bankruptcy appeal, courts use the following four factors, which were imported from the standard for deciding preliminary injunctions or staying them pending appeal: (1) movant's likelihood of success on the merits of the appeal; (2) significant and/or irreparable harm that will come to movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest lies."  *In re Chan*, No. 18-CV-05582-HSG, 2018 WL 5816167, at *1 (N.D. Cal. Nov. 5, 2018) (quoting *In re N. Plaza, LLC*, 395 B.R. 113, 119–20 (S.D. Cal. 2008)).  "The party moving for a stay has the burden on each of these elements."  *DBD Credit Funding LLC v. Silicon Lab'ys, Inc.*, No. 16-CV-05111-LHK, 2016 WL 6893882, at *6 (N.D. Cal. Nov. 23, 2016) (quoting *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006)).  "The first two factors are the most critical, but a failure on any one factor requires the court to deny the application for a stay."  *Id.* (quoting *In re Swartout*, 554 B.R. 474, 476 (Bankr. E.D. Cal. 2016)); *In re Rivera*, No. 5:15-CV-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("[A] failure on any one factor 'dooms the motion.'").

However, the Ninth Circuit also provides that a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Alliance for the Wild Rockies v Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

"A stay is not a matter of right, even if irreparable injury might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  Thus, the Court must use "judicial discretion" when determining if a stay is appropriate.  *Id.*; *see also In re Smith*, 397 B.R. 134, 136 (Bankr. D. Nev. 2008) ("In applying these factors, the court is mindful that a discretionary

stay pending appeal is viewed as an extraordinary remedy." (citation omitted)).

## II.  Analysis

As a preliminary matter, Appellant argues that he meets the requirements of Rule 8007(a) because the request for stay was filed in bankruptcy court first, and that the court still has not ruled on that request. ECF No. 11-1 at 10. Appellee Koch disputes this in his Opposition. ECF No. 13 at 2. Upon review, it appears that Debtor and Appellant included a request for motion to stay pending appeal in their Motion seeking reconsideration of the bankruptcy court's dismissal order and order lifting the stay. Bankruptcy Case, ECF No. 64 at 13–17. In the bankruptcy court's order addressing this motion, the order does not rule on the motion to stay pending appeal. Thus, the Court will proceed assuming the requirement under Rule 8007(a) has been met.

Under the applicable standard for a motion to stay pending appeal, the first factor that this Court must consider is whether the Appellant as the movant has met his burden to establish a likelihood of success on the merits of his bankruptcy appeal. *See In re Chan*, 2018 WL 5816167, at *1. The only order of the bankruptcy court that is on appeal for this Court to review is the August 20th order denying the motion for reconsideration.

In a bankruptcy appeal, district courts apply the standards that are generally applied by courts of appeals when reviewing district court opinions. *In re Baroff*, 105 F.3d 439, 441 (9th Cir.1997); *see also In re Fields*, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions." (citation omitted)). Generally, a district court would then review a bankruptcy court's factual findings under the clearly erroneous standard and conclusions of law de novo. *In re Acequia, Inc.*, 787 F.2d 1352, 1357 (9th Cir. 1986). "A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion." *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). "The abuse-of-discretion standard requires a reviewing court to conduct a two-step inquiry: (1) determine de novo whether the lower court identified the correct legal rule to apply to the relief requested and

(2) ascertain whether the bankruptcy court's application of the legal standard was illogical, implausible or without support in inferences that may be drawn from the facts in the record." *In re Alvarez*, No. 2:16-BK-19016-WB, 2018 WL 5099265, at *2 (C.D. Cal. Oct. 18, 2018) (internal citations omitted).

Applying these standards to the underlying bankruptcy court's order denying the motion for reconsideration, this Court must first determine de novo if that court applied to correct legal rule. The bankruptcy court analyzed Appellant and Debtor's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), which it found to apply to bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023. ECF No. 1-2 at 2. The Court finds no legal error here. In the Ninth Circuit, a motion for reconsideration is considered to be a Bankruptcy Rule 9023 motion. *In re Weston*, 41 F.3d 493, 495 (9th Cir. 1994). Bankruptcy Rule 9023(a) states that Rule 59 applies in a bankruptcy case. The bankruptcy court then cited the factors that a court considers under Rule 59. ECF No. 1-2 at 2. Thus, the Court finds that the bankruptcy court applied the correct legal standards.

Moving to the next step, the Court considers if the bankruptcy court's application of the Rule 59 standard was "illogical, implausible or without support." *In re Alvarez*, 2018 WL 5099265, at *2. Under Rule 59(e), the court may amend a prior order if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). This Court has reviewed the bankruptcy court's order denying reconsideration and the relevant records and finds that the order was not illogical and was supportable. The bankruptcy court found that the first factor did not apply because Bauman did not identify any previously existing evidence that was not reasonably discoverable before the dismissal order. ECF No. 1-2 at 2. The Court finds this reasoning sound since Appellant did not identify such evidence before and still does not identify any such evidence in his motion. The bankruptcy court also found that the third fact was inapplicable because Bauman did not cite any new controlling authority that would have been a change in intervening law.

The Court finds this reasoning sound as Appellant did not and does not now present any case law that would qualify as intervening.

Finally, as to the third factor—whether the court committed clear error or made an initial decision that was manifestly unjust—the bankruptcy court held that Bauman's arguments were disagreements with the court's decision and were "mere doubts or disagreements" that do not rise to the level of clear error or manifest injustice. ECF No. 1-2 at 2. The bankruptcy court's original dismissal order dismissed the action based on a finding of bad faith conduct by Appellant and Debtor, which was supported factually by their conduct during the bankruptcy proceeding and long history of prior bankruptcy filings. Bankruptcy Case, ECF No. 59 at 2–3. The Court agrees that none of the arguments made by Appellant and Debtor in their reconsideration motion show clear error on the bad faith finding. Further, in the Motion to Stay Pending Appeal, Appellant's arguments center around why he believes his and Debtor's bankruptcy filing was proper, and that the bankruptcy judge failed to rule on various arguments they made. However, still patently missing from his motion is any argument as to why the bad faith finding was clear error. Therefore, the Court finds that the record supports the bankruptcy court's finding that it did not commit clear error in its original dismissal order.

Thus, for these reasons, the Court finds that Appellants have not met their burden to establish a likelihood of success on the merits of their bankruptcy appeal. "Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors." *California v. Azar,* 911 F.3d 558 (9th Cir. 2018); *see also In re Rivera*, 2015 WL 6847973, at *2 (holding appellants were not entitled to stay of dismissal order pending appeal where they failed to demonstrate they would succeed on the merits of their bankruptcy appeal). Nor has Appellant shown "serious questions going to the merits," for the reasons discussed above.

Accordingly, in its discretion, the Court **DENIES** Appellant's Motion to Stay Pending Appeal.

/ / /

**MOTION FOR TRO TO STAY STATE COURT ACTION**

**I.   Legal Standard**

Appellant's second motion requesting the Court stay the eviction is brought as a TRO. ECF No. 12-2.[4] Federal Rule of Civil Procedure 65(b) governs the issuance of a temporary restraining order ("TRO"). The standard for a TRO is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as of right." *Id.* at 22, 24. "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three [*Winter* elements]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)) (internal quotation marks omitted).

Before addressing Appellant's arguments, the Court must determine whether it has the authority grant the relief he seeks. The Court concludes it does not.

Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes jurisdiction when federal court proceedings arise out of a final

---

[4] As discussed above, the Court notes it is possible the eviction has already taken place, rendering any request to enjoin the eviction moot. However, as the Court otherwise finds the Motion for TRO should be denied, the Court does not make a finding regarding mootness at this time.

state court determination that is "judicial in nature" and the issues raised are "inextricably intertwined" with the state court proceedings, making the federal case a de facto appeal of a state court decision. *See Feldman*, 460 U.S. at 476, 486; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) (noting that a claim is inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it").

The *Rooker-Feldman* doctrine is narrow; it "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). But both conditions are present here. Plaintiff seeks to prevent "the state court's eviction order from being carried out," and challenges the unlawful detainer because "the clerk of the Superior Court" purportedly failed to file an answer by Debtor, and "the clerk has no jurisdiction to enter default when an answer has been filed." ECF No. 12-2 at 2–3. Appellant's Motion thus "rel[ies] on the premise that [Debtor] w[as] in fact entitled to remain in possession," meaning that the default judgment was "wrongful." *Koshak v. County of Orange*, No. SACV 13-01732-CJC(ANx), 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014), *aff'd*, 637 F. App'x 323 (9th Cir. 2016). And the issue of enforcing an unlawful detainer judgment is inextricably intertwined with the judgment itself. *See Barnes v. United Council of Hum. Servs.*, No. C 19-2848 SBA, 2019 WL 2270374, at *2 (N.D. Cal. May 28, 2019). So, "insofar as [Appellant] requests that the Court 'stop' the eviction," Appellant is unavoidably "seeking relief from the state court judgment." *Richards v. Mercy Hous. Cal.*, No. C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012).

The *Rooker-Feldman* doctrine thus bars the Court from granting Appellant's TRO Motion. *See Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("[P]laintiff's complaint . . . challenge[s] . . . the state court judgment in the unlawful detainer action and the subsequent enforcement of the judgment. . . . Under the *Rooker-Feldman* doctrine, this Court is precluded from reviewing that judgment and its execution."); *Pardo-Pena v.*

*Spector*, No. 2:20-CV-03562-MAA, 2021 WL 6496732, at *11 (C.D. Cal. Nov. 3, 2021) (to the extent that a plaintiff "seeks to undo [his] eviction as a result of the judgment entered in the *Unlawful Detainer Action*, the *Rooker-Feldman* doctrine would deprive this Court of subject matter jurisdiction . . . ."); *Guancione v. Wachovia Mortg. Corp.*, No. 5:10-CV-03166 JF, 2010 WL 2991728, at *3 (N.D. Cal. July 28, 2010) (holding *Rooker-Feldman* precluded TRO where "the state court already ha[d] entered a judgment against [p]laintiffs, awarding [defendant] possession of the subject property").

## CONCLUSION

In light of the above, the Court:

(1)   **GRANTS** Appellant Marin's IFP Motion (ECF No. 8),

(2)   **DENIES** Jordana Bauman's IFP Motion (ECF No. 9) as **MOOT**,

(3)   **DENIES** Appellant's Motion for Stay Pending Appeal (ECF No. 11), and

(4)   **DENIES** Appellant's Motion for TRO (ECF No. 12).

**IT IS SO ORDERED**.

Dated: October 31, 2024

Hon. Janis L. Sammartino
United States District Judge