UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JORDANA M. BAUMAN,<br><br><div align="right">Debtor,</div><hr>MEL MARIN,<br><div align="right">Appellant,</div><br>MICHAEL KOCH,<br><div align="right">Appellee.</div> | Case No.: 24-CV-1564 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART APPELLANT'S MOTION TO EXTEND TIME TO PERFECT THE RECORD AND FILE BRIEF AND TO STRIKE APPELLEE'S SUBMISSION FOR THE RECORD AND AFFIRMATION IN SUPPORT, AND**<br><br>**(2) DENYING APPELLANT'S MOTION FOR STAY PENDING APPEAL TO ALLOW LOWER COURT TO PERFECT THE RECORD**<br><br>(ECF Nos. 22, 24) |

Presently before the Court is Appellant Mel Marin's Motion titled "Appellant's Notice of and Motions to Clarify Record on Appeal and/or to Extend Time to Perfect the Record and to Extend Time to File the Brief and to Strike Mr. Koch's Submission for the Record and Affirmation in Support" ("Mot. to Extend/Clarify/Strike," ECF No. 22). Also

before the Court is another Motion titled "Appellant's Notice of and Motion to Stay the Appeal to Allow the Lower Court to Correct the Record and Affirmation in Support" ("Mot. to Stay," ECF No. 24).

The Court notes it required the record to be perfected nearly a month ago, *see* Order Setting Briefing Schedule on Bankruptcy Appeal ("Order," ECF No. 7), and that Appellant and Appellees filed their Designations of the Record on Appeal on January 16 and 17, 2025, respectively, *see* ECF Nos. 19, 20.  On February 13, Appellant filed the instant Motion to Extend, Clarify, and Strike, and subsequently, the Court received a Notice of Unperfected Appeal from the U.S. Bankruptcy Court, indicating that Appellant had not filed the record on appeal with the U.S. Bankruptcy Court.  *See* ECF No. 23.  That same day, Appellant filed his Motion to Stay.

Appellant, in his belated request to extend time to perfect the record, indicates he experienced difficulties perfecting the record on appeal as he brought paper copies of the documents he wanted the Court to review to the "bankruptcy window clerk" and was told by the clerk he had "to submit media and not paper."  Mot. to Extend/Clarify/Strike at 2. Appellant faults this Court for his confusion, noting that its prior Order required Appellant to provide the bankruptcy appeals clerk with two copies of documents so that the bankruptcy appeals clerk may certify those documents and transmit them to this Court.  *Id.* Appellant expresses this Order "suggests paper, although it does not actually say paper." *Id.*  He further contends that he is unable to "submit media" because he does not have approval to submit anything by ECF filing," but the "media" requirement he references appears to refer to a docket number in the underlying bankruptcy case, which details the guidelines of submissions to the U.S. Bankruptcy Court for appeals to the U.S. District Court.  *Id.*  Appellant does not explain how his inability to file electronically in this case would have any impact on his filing the record on appeal with the U.S. Bankruptcy Court. Nor, for that matter, does he make any request for leave to file electronically in this case, leaving the Court unable to address this concern.

However, cognizant of Appellant's *pro se* status and alleged confusion regarding the

guidelines for designating the record on his appeal, the Court will **GRANT** Appellant's request for an extension of time to perfect the record (ECF No. 22).  The Court confirms what it seems Appellant already knows: this Court did not require paper filings as opposed to media be made with the bankruptcy appeals clerk.  Rather, the Court required the Parties comply with Federal Rule of Bankruptcy Procedure 8009, the Local Rules of the United States District Court for the Southern District of California, and the Electronic Case Filing and Administrative Policies and Procedures of this District.  *See* Order at 2–3.  The Court reminds Appellant that "[t]he record on appeal must include the following: docket entries kept by the bankruptcy clerk; items designated by the parties; [and] . . . any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings."  Fed. R. Bankr. P. 8009(a)(4).  Once the record is complete, the bankruptcy clerk transmits "either the record or a notice that the record is available electronically" to the district court.  Fed. R. Bankr. P. 8010(b)(1).  An appellant's failure to comply with these requirements can be grounds for the district court to dismiss the appeal.  Fed. R. Bankr. P. 8003(a)(2).

As the Court will grant Appellant an extension of time to perfect the record, it thus **DENIES** Appellant's Motion to stay this appeal until the record is perfected (ECF No. 24) as **MOOT**.

Appellant next appears to argue that if this Court's Order requires paper filing to the bankruptcy appeals clerk, which he already concedes the Order "does not actually say," then Appellee's filing of "media" to the bankruptcy appeals clerk does not comply with this Court's Order and thus he contends Appellee's records should be stricken.  Mot. to Extend/Clarify/Strike at 2.  As the Court previously explained, it made no such paper requirement of the Parties with respect to their submissions to the bankruptcy appeals clerk, and accordingly, **DENIES** Appellant's request to Strike Appellee's Submission for the Record and Affirmation in Support (ECF No. 22).

In the alternative, Appellant requests the Court permit him "to 'lean' on or use the record of Mr. Koch" and be granted extra time to amend and submit a new designation of

record, "because Mr. Koch designates everything," which would allow Appellant to "expand the points" he wishes to argue and "to include additional records that [he] did not designate in [his] timely filing . . . because [he] could not pay for those copies." *Id.* at 3. Appellant asks that if he cannot use Appellee's "full record," that the Court "allow him to file the 2 copies of records that [he] paid for, . . . and to allow [him] that extra time just for reading what [he] ha[s] prepared because [he] ha[s] a visual disability that often requires more than five times what others require to read anything." *Id.*

The Court is not entirely certain of the nature of Appellant's request to "lean on" Appellee's designated items. To the extent Appellant is asking to be absolved of his requirement to perfect the record in light of Appellee's designations, a bankruptcy appellant bears "the responsibility to file an adequate record." *In re Abrams*, 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999). And an appellant's failure to timely perfect his appeal may result in dismissal of the appeal. *See* Fed. R. Bankr. P. 8003(a)(2), 8020(b); *see also In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal). Thus, such request is **DENIED**.

However, in light of the foregoing, and considering Appellant's representation that he has a disability impacting the speed of his reading, the Court also **GRANTS** Appellant's request for an extension of time to file his opening brief (ECF No. 22). That said, the Court is concerned that further requests, considering Appellant's repeated filings requesting clarification, extensions, or stays of this appeal, may suggest the possibility of dilatory tactics on his part. Accordingly, Appellant is advised no further extensions of time will be granted absent extraordinary circumstances.

## CONCLUSION

Appellant's Motion to Extend, Clarify, and Strike (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART**, specifically, Appellant's requests to extend time to perfect the record and to file his opening brief are **GRANTED**; but Appellant's requests to strike Appellee's filing, or in the alternative, to rely on such filing in lieu of perfecting

the record himself, are **DENIED**.  Further, Appellant's Motion for Stay (ECF No. 24) is **DENIED AS MOOT**.

Accordingly, the Court **SETS** the following briefing schedule:

1.    <u>On or before March 7, 2025,</u> Appellant **SHALL PERFECT** the record on appeal in accordance with Federal Rule of Bankruptcy Procedure 8009.

2.    <u>On or before March 28, 2025,</u> Appellant **SHALL SERVE AND FILE** his opening brief and any supporting evidence.  Any cross-appeal shall be treated as an opening motion for the purposes of this briefing schedule and filed by this date.

3.    <u>On April 25, 2025,</u> Appellee Michael Koch **SHALL SERVE AND FILE** his opposition brief and any supporting evidence.

4.    <u>On or before May 9, 2025,</u> Appellant **MAY SERVE AND FILE** his reply brief and any supporting evidence.

5.    Upon completion of the briefing in accordance with the above schedule, unless otherwise indicated by this Court, the Court shall decide this appeal on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

6.    Except as otherwise stated herein, the Parties' filings **SHALL COMPLY** with the Local Rules for the United States District Court for the Southern District of California and the Electronic Case Filing and Administrative Policies and Procedures Manual of this District.

**IT IS SO ORDERED.**

Dated:  February 21, 2025

Hon. Janis L. Sammartino
United States District Judge

24-CV-1564 JLS (BLM)