UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JORDANA M. BAUMAN,<br><br>　　　　　　　　　　Debtor,<br><br><br>MEL MARIN,<br>　　　　　　　　　　Appellant,<br><br>MICHAEL KOCH,<br>　　　　　　　　　　Appellee. | Case No.: 24-CV-1564 JLS (BLM)<br><br>**ORDER TO SHOW CAUSE** |

On September 4, 2024, pro se Appellant Mel Marin filed a bankruptcy appeal.[1] ECF No. 1. Appellant subsequently filed a Motion for Extension of Time to File Requests to Proceed *in Forma Pauperis* ("IFP"), followed by his Motion for Leave to Proceed IFP. ECF Nos. 7, 8. Then, on October 21, 2024, Appellant filed Emergency Motions to Stay Pending Appeal and to Stay the State Court Action. ECF Nos. 11, 12. The case, originally assigned to Judge James E. Simmons, was subsequently transferred to this Court. ECF

---

[1] Notably, Appellant represents he is the brother of the Debtor in the underlying action, Jordana Bauman, and indicates he is a party to this appeal as a creditor. *See* ECF Nos. 1, 12, 13.

No. 14.  On October 31, 2024, the Court granted Appellant's Motion for Leave to Proceed IFP, but denied Appellant's Emergency Motions.[2]  ECF No. 15.  The Court then ordered the Parties to perfect the record in accordance with Federal Rule of Bankruptcy Procedure 8009 on or before January 16, 2025.  ECF No. 16 at 2.

On December 13, 2024, Appellant filed a Motion to Clarify Status After Bankruptcy Filing, notifying the Court of his own bankruptcy filing and suggesting that the case be stayed.  ECF No. 17.  The Court denied Appellant's Motion as Appellant had not adequately explained why such stay was justified.  ECF No. 18 at 2.

On January 16, 2025, the Court received Appellant's Designation of Record and Points to Be Raised.  ECF No. 19.  Appellee Michael Koch then filed Supplements to Transmittal of Appeal, including Appellee's Designation of Record on Appeal and Appendix, and Appellee's Certificate that Transcript is Not Being Requested.  ECF Nos. 20, 21.  However, on February 13, 2025, Appellant filed a Motion for Clarification and Extension of Time to Perfect the Record, citing issues with a "bankruptcy window clerk" and confusion with the Court's prior Order.  *See generally* ECF No. 22.  On February 20, 2025, the Court received a Notice of Unperfected Appeal, indicating that Appellant had not taken action to perfect this appeal as provided by Federal Rule of Bankruptcy Procedure 8009 because the record on appeal was not submitted by electronic media, as required. ECF No. 23.  Later that same day, Appellant filed a Motion to Stay the Appeal to Allow the Lower Court to Correct the Record.  ECF No. 24.

In its Order on February 21, 2025, the Court noted its concern with Appellant's repeated filings requesting clarification, extensions, or stays of this appeal.  ECF No. 25 at 4.  Nonetheless, the Court granted Appellant's Motion for an Extension of Time to Perfect the Record and denied his Motion for Stay.  *Id*.  The Court ordered Appellant to perfect the record on appeal in accordance with Federal Rule of Bankruptcy

---

[2] The Court also denied Debtor Jordana Bauman's Motion for Leave to Proceed IFP (ECF No. 9) as moot as she was not alleged to be an appellant in this appeal.  ECF No. 15.

Procedure 8009 on or before March 7, 2025, and advised no further extension would be granted absent extraordinary circumstances. *Id.* at 4–5.

On March 7, 2025, Appellant filed a Supplement to Transmittal of Appeal. ECF No. 26. However, on March 11, 2025, the Court received another Notice of Unperfected Appeal, indicating that Appellant had not taken action to perfect this appeal as provided by Federal Rule of Bankruptcy Procedure 8009. ECF No. 31. Specifically, the Notice advises that the "electronic media contains multiple PDF files that collectively exceed 35 MB" and directs Appellant to the requirements sent on September 3, 2024, entitled "Important Tips Regarding the Attached Notice of Appeal."[3] *Id.*

Given this deficiency, the Court **ORDERS** Appellant to perfect his appeal <u>by April 3, 2025</u>. The Court cautions Appellant again that failure to perfect his appeal, this time by April 3, 2025, may result in dismissal of this appeal. *See, e.g.*, Fed. R. Bankr. P. 8003(a)(2), 8020(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *see also In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal).

The Court accordingly **VACATES** all other briefing deadlines on this appeal, to be reset if and when Appellant perfects the record.

**IT IS SO ORDERED.**

Dated: March 14, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court notes the document "Important Tips Regarding the Attached Notice of Appeal" can also be found at ECF No. 1-3 at 5 (CM/ECF pagination).