UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JORDANA M. BAUMAN,<br><br>                            Debtor,<br><br>MEL MARIN,<br><br>                          Appellant,<br><br>MICHAEL KOCH,<br><br>                          Appellee. | Case No.:  24-CV-1564 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING APPELLANT'S MOTION TO CONSOLIDATE APPEALS, FILE LONG BRIEF, AND CLARFIY PARTIES AND ISSUES;**<br><br>**(2) REQUIRING APPELLANT TO PERFECT THE RECORD; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE AND DIRECTING APPELLANT AND APPELLEE TO ADDRESS STANDING IN THEIR BRIEFS**<br><br>(ECF No. 33) |

    Presently before the Court is Appellant Mel Marin's Motion to Consolidate Appeals and For Leave to File Long Brief on Appeal and to Clarify Parties and Issues ("Mot.," ECF No. 33).  Also before the Court are Appellant's Supplement to Transmittal of Appeal along with 88 attached documents, *see* ECF Nos. 35, 35-1 through 35-88, and subsequent Notice of Unperfected Appeal, *see* ECF No. 36.

1

For the following reasons, the Court **DENIES** Appellant's Motion (ECF No. 33) and **ORDERS** Plaintiff to perfect the record <u>on or before May 1, 2025</u>.

## BACKGROUND

On September 4, 2024, pro se Appellant Mel Marin filed this bankruptcy appeal.[1] ECF No. 1. Appellant subsequently filed a Motion for Extension of Time to File Requests to Proceed *in Forma Pauperis* ("IFP"), followed by his Motion for Leave to Proceed IFP. ECF Nos. 7, 8. Then, on October 21, 2024, Appellant filed Emergency Motions to Stay Pending Appeal and to Stay the State Court Action. ECF Nos. 11, 12. The case, originally assigned to Judge James E. Simmons, was subsequently transferred to this Court. ECF No. 14. On October 31, 2024, the Court granted Appellant's Motion for Leave to Proceed IFP but denied Appellant's Emergency Motions.[2] ECF No. 15. The Court then ordered the Parties to perfect the record in accordance with Federal Rule of Bankruptcy Procedure 8009 on or before January 16, 2025. ECF No. 16 at 2.

On December 13, 2024, Appellant filed a Motion to Clarify Status After Bankruptcy Filing, notifying the Court of his own bankruptcy filing under Chapter 13 and suggesting that the case be stayed. ECF No. 17. The Court denied Appellant's Motion as Appellant had not adequately explained why such stay was justified. ECF No. 18 at 2.

On January 16, 2025, the Court received Appellant's Designation of Record and Points to Be Raised. ECF No. 19. Appellee Michael Koch then filed Supplements to Transmittal of Appeal, including Appellee's Designation of Record on Appeal and Appendix, and Appellee's Certificate that Transcript is Not Being Requested. ECF Nos. 20, 21. However, on February 13, 2025, Appellant filed a Motion for Clarification and Extension of Time to Perfect the Record, citing issues with a "bankruptcy window

---

[1] Notably, Appellant represents he is the brother of the Debtor in the underlying action, Jordana Bauman, and indicates he is a party to this appeal as a creditor. *See* ECF Nos. 1, 12, 13.

[2] The Court also denied Debtor Jordana Bauman's Motion for Leave to Proceed IFP (ECF No. 9) as moot as she was not designated as an appellant in Appellant Marin's Notice of Appeal. ECF No. 15 at 4.

clerk" and confusion with the Court's prior Order. *See generally* ECF No. 22. On February 20, 2025, the Court received a Notice of Unperfected Appeal, indicating that Appellant had not taken action to perfect this appeal as provided by Federal Rule of Bankruptcy Procedure 8009 because the record on appeal was not submitted by electronic media, as required. ECF No. 23. Later that same day, Appellant filed a Motion to Stay the Appeal to Allow the Lower Court to Correct the Record. ECF No. 24.

In its Order on February 21, 2025, the Court noted its concern with Appellant's repeated filings requesting clarification, extensions, or stays of this appeal. ECF No. 25 at 4. Nonetheless, the Court granted Appellant's Motion for an Extension of Time to Perfect the Record and denied his Motion for Stay. *Id.* The Court ordered Appellant to perfect the record on appeal in accordance with Federal Rule of Bankruptcy Procedure 8009 on or before March 7, 2025, and advised no further extension would be granted absent extraordinary circumstances. *Id.* at 4–5.

On March 7, 2025, Appellant filed a Supplement to Transmittal of Appeal. ECF No. 26. However, on March 11, 2025, the Court received another Notice of Unperfected Appeal, indicating that Appellant had not taken action to perfect this appeal as provided by Federal Rule of Bankruptcy Procedure 8009. ECF No. 31. Specifically, the Notice advised that the "electronic media contains multiple PDF files that collectively exceed 35 MB" and directed Appellant to the requirements sent on September 3, 2024, entitled "Important Tips Regarding the Attached Notice of Appeal." *Id.*

In light of the deficiency, the Court again ordered Appellant to perfect his appeal, granting him a new deadline of April 3, 2025. *See* ECF No. 32. The Court cautioned Plaintiff for a second time that failure to timely perfect his appeal "may result in dismissal of this appeal." *Id.* at 3 (first citing Fed. R. Bankr. P. 8003(a)(2), 8020(b); then citing *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); and then citing *In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001), which held that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal). The Court then vacated all other briefing deadlines on the appeal to

"be reset if and when Appellant perfects the record." *Id.*

On April 1, 2025, Appellant filed a Motion to Consolidate Appeals and for Leave to File Long Brief on Appeal and to Clarify Parties and Issues. *See* Mot. On April 4, 2025, Michael Koch, Chapter 13 Trustee/Appellee filed an Opposition ("Opp'n," ECF No. 34).

Subsequently, on April 7, 2025, Appellant filed a Supplement to Transmittal of Appeal along with 88 attached documents. *See* ECF Nos. 35, 35-1 through 35-88. The next day, the Court received a Notice of Unperfected Appeal, indicating that Appellant had not taken action to perfect this appeal as provided by Federal Rule of Bankruptcy Procedure 8009. *See* ECF No. 36 at 1. Specifically, the Notice stated that "[a]ll of the documents indicated on the Designation of Record were not included in the electronic media filed with the Bankruptcy Court for transmittal to the District Court (AM 2024-5-22 Case 24-1264 dkt 43 debtor plan b was omitted from the electronic media)." *Id.*

## APPELLANT'S MOTION

The Court first addresses Appellant's Motion to Consolidate Appeals and for Leave to File Long Brief on Appeal and to Clarify Parties and Issues. In his Motion, Appellant first seeks leave to file a longer brief "because this may be 6 appeals in one." Mot. at 1. He indicates there are six appeals "if this court consolidates 2010 to bring it here to conserve judicial resources: (1) appeal from dismissal, (2) from lift stay, (3) from rehearing of denial of dismissal, (4) denial of lift stay rehearing, (5) denial of leave to sue, (6) recusal." *Id.* at 5. Appellee responds that he was not properly served with this Motion as required by Federal Rule of Civil Procedure 5 and has not agreed to service by email. Opp'n at 2.[3]

Federal Rule of Civil Procedure 42 allows the Court to consolidate actions that "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). "District courts are granted broad discretion in deciding whether to consolidate cases pending in the same

---

[3] Pin citations to this docket entry refer to the CM/ECF page numbers stamped across the top margin of each page.

district." *Twitchell v. Enovix Corp.*, No. 23-cv-00071-SI, 2023 WL 3170044, at *2 (N.D. Cal. Apr. 28, 2023) (citing *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)).

Here, Appellant identifies only one other action, *In re Jordana Marinkovic Bauman*, No. 24-cv-0210-AGS-DTF (S.D. Cal. filed Oct. 28, 2024), which was terminated January 14, 2025. As Appellant identifies no active actions for the Court to consolidate, the Court **DENIES** Appellant's request. Consequently, Appellant's request for leave to file a longer brief is likewise **DENIED**.

Appellant additionally requests the Court "clarify" various issues, which appears to be a disguised attempt to argue his sister, Debtor, should be added as an appellant to this appeal, and that the Court should "accept brother's representation that he appealed from both the June 3 dismissal lift stay and the reconsideration denial." Mot. at 2–4. However, Appellant, who is appearing pro se, does not represent his sister and may not make arguments on her behalf or purporting to represent her interests. *See Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987))). Second, to the extent Appellant argues he designated the "June 3 dismissal lift stay" in his Notice of Appeal, the Court notes Appellant's filed Notice of Appeal only identifies the August 20, 2024 Order Denying Reconsideration. *See generally* ECF No. 1. However, as briefing of this appeal has yet to commence, the Court has not had occasion to address— and will not presently reach—whether it has jurisdiction over orders not designated in the Notice of Appeal. *See In re Morabito*, No. 3:13-BK-51237-GWZ, 2018 WL 6006873 (B.A.P. 9th Cir. Oct. 30, 2018), *aff'd sub nom. In re Consol. Nevada Corp.*, 778 F. App'x 432 (9th Cir. 2019) (holding that the court did not lose jurisdiction over a bankruptcy order just because it was not designated in the notice of appeal).

Accordingly, to the extent Appellant seeks "clarification" by arguing his sister should be added as an appellant and that his Notice of Appeal before this Court explicitly

designates the "June 3 dismissal lift stay," the Court **DENIES** such request.

The Court also takes this opportunity to remind Appellant that pro se litigants are just as bound to follow procedural rules as lawyered parties. *See Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1996) ("Although pro se, he is expected to abide by the rules of the court in which he litigates."). The Court, at its discretion and in light of Appellant's pro se status, has permitted Appellant to file multiple requests to the docket and considered them, even though Appellant has not followed the procedures in the Civil Local Rules prescribing the requirements for filing *ex parte* motions. *See* S.D. Cal. CivLR 83.3(g)(2) (requiring an *ex parte* motion to be submitted with an affidavit or declaration detailing why the notice of the motion could not have been made to the opposing party). Filing a motion *ex parte* pursuant to Local Rule 83.3(g) allows a party filing a motion to seek relief from default rule that "all hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned." CivLR 7.1(b).

However, going forward, the Court advises Appellant that he must endeavor to comply with the Local Rules to the best of his ability. This includes obtaining a motion hearing date *prior* to filing noticed motions. Appellant may comply with the applicable rules by post-marking his motion papers on the same day which he obtains a hearing date from a law clerk in chambers.

Moreover, as raised by Appellee, Appellant must comply with Federal Rule of Civil Procedure 5 which requires service of a written motion, except one that may be heard *ex parte*, and provides for how such service may be made. *See* Fed. R. Civ. P. 5.

### NOTICE OF UNPERFECTED APPEAL

Next, the Court addresses the third Notice it has received indicating Appellant has again failed to perfect the record as required Federal Rule of Bankruptcy Procedure 8009. *See* ECF No. 36 at 1. The Court is troubled by Appellant's continued failure to comply with the Federal Rules of Bankruptcy Procedure and this Court's Order, but as it appears Appellant is making efforts to perfect the appeal in his case, the Court will permit Appellant an additional opportunity to perfect the record on this appeal. Appellant **SHALL perfect**

**the record on or before May 1, 2025.**

The Court also finds it appropriate to **SET** the following briefing schedule:

1. <u>On or before May 8, 2025</u>, Appellant **SHALL SERVE AND FILE** his opening brief and any supporting evidence. Any cross-appeal shall be treated as an opening motion for the purposes of this briefing schedule and filed by this date.

2. <u>On May 22, 2025</u>, Appellee Michael Koch **SHALL SERVE AND FILE** his opposition brief and any supporting evidence.

3. <u>On or before May 29, 2025</u>, Appellant **MAY SERVE AND FILE** his reply brief and any supporting evidence.

4. The Court **DIRECTS** both Appellant and Appellee to expressly address whether Appellant Marin has standing to bring this appeal. The Court notes Appellant indicates he is a "creditor" of his sister, the Debtor, in his Notice of Appeal. *See* ECF No. 1. The Court requests the Appellant and Appellee tailor their brief in part to respond to whether Appellant Marin is a "person aggrieved" by the order he seeks to appeal. *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983) (holding that under the prudential standing doctrine, only a "person aggrieved," that is, someone who is "directly and adversely affected pecuniarily" by a bankruptcy court's order, has standing to appeal that order).

5. Upon completion of the briefing in accordance with the above schedule, unless otherwise indicated by this Court, the Court shall decide this appeal on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

6. Except as otherwise stated herein, the Parties' filings **SHALL COMPLY** with the Local Rules for the United States District Court for the Southern District of California and the Electronic Case Filing and Administrative Policies and Procedures Manual of this District.

**IT IS SO ORDERED.**

Dated: April 16, 2025

Hon. Janis L. Sammartino
United States District Judge