UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JORDANA MARINKOVIC BAUMAN,<br><br>　　　　　　　　　　Debtor, | Case No.: 24-CV-1564 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) DISMISSING APPEAL FOR LACK OF JURISDICTION;**<br><br>**(2) DENYING APPELLEE'S MOTION TO STRIKE AS MOOT; AND**<br><br>**(3) GRANTING APPELLEE'S MOTION FOR SUBSTITUTION OF ATTORNEY**<br><br>(ECF Nos. 37, 46) |
| MEL MARIN,<br>　　　　　　　　　　Appellant,<br><br>MICHAEL KOCH,<br>　　　　　　　　　　Appellee. | |

　　　Appellant Mel Marin ("Appellant" or "Marin") appeals pro se from the U.S. Bankruptcy Court for the District of Southern California's ("Bankruptcy Court") Order Denying Debtor Jordana Bauman's ("Debtor" or "Bauman") Motion for Reconsideration of its Dismissal Order ("Bankruptcy Order"). ECF No. 1 ("Notice of Appeal"). Appellant here is the Debtor's brother, who asserts a claim as a creditor of his sister's property. *See* Notice of Appeal at 1.

Before the Court are Appellant Marin's Opening Brief ("Marin Br.," ECF No. 42), Chapter 13 Trustee, Appellee Michael Koch's Response Brief ("Trustee Br.," ECF No. 43), and Appellant Marin's Reply Brief ("Reply Br.," ECF No. 45). Also before the Court are Marin's Record on Appeal ("ROA," ECF Nos. 35-1 through 35-88, 41-1), and Appellee Michael Koch's ("Trustee") Motion to Strike Appellant's Designation of Record on Appeal, Index of Record on Appeal, and Motion to Strike Issues to Be Raised on Orders Which Were Not Appealed and are Time Barred ("MTS," ECF No. 37). Marin did not file an opposition to such Motion. *See generally* Docket.

Having carefully considered the underlying record, the Parties' arguments, and the relevant law, the Court **DISMISSES** Appellant Marin's appeal for lack of standing.[1]

## BACKGROUND

Debtor Bauman initiated the underlying Chapter 13 bankruptcy proceeding in bankruptcy court on April 9, 2024. *In re Jordana Bauman*, No. 24-1264-CL13 (Bankr. S.D. Cal. June 3, 2024), Dkt. No. 1.[2] Relevant to this appeal, the Court notes the following actions that took place in those proceedings.

Appellant Marin first entered the bankruptcy matter by filing an amicus brief on April 23, 2024, in support of a motion his sister had filed. *See* ROA, ECF No. 35-29. Next, Marin filed a motion for declaratory judgment to remove the Trustee from the matter. *Id.*, ECF No. 35-30. In that motion, Marin asserted he had standing to participate in the matter either as an owner or a "contingent creditor" of the property at issue: 2410 Albatross Street,

---

[1] The Trustee's Motion to Strike argues that Marin's designated Record on Appeal is not relevant to the Order being appealed in the underlying bankruptcy case, and that the issues raised are time barred. *See generally* MTS. As the Court does not reach the merits of Appellant Marin's appeal, the Court **DENIES** the Trustee's Motion to Strike as **MOOT** (ECF No. 37) and considers Marin's Record on Appeal where relevant to the Court's consideration of standing, and otherwise appropriate.

[2] The Court takes judicial notice of the underlying bankruptcy records pursuant to Federal Rule of Evidence 201 to the extent such records are not included in Marin's Record on Appeal. *See In re Khan*, No. CV 18-809 JGB, 2019 WL 8012380, at *3 (C.D. Cal. July 9, 2015) ("A court considering a bankruptcy appeal may take judicial notice of the underlying bankruptcy records." (citing *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir. 1989))).

Unit 12, San Diego, CA 92101 ("Albatross Property"). *Id* at 1. On May 17, 2024, Marin filed an opposition to John Bahr's motion to lift the automatic stay.[3] ROA, ECF No. 35-42. On May 29, 2024, the Bankruptcy Court granted the Trustee's motion to lift the stay. ROA, ECF No. 35-47. Bauman and Marin also filed together an opposition to the Trustee's motion to dismiss. ROA, ECF No. 35-43.

In the May 29, 2024 hearing on the Trustee's motion to dismiss, the court rejected Marin's argument he was a "co-movant," stating "I think that you're an attorney attempting inappropriately to practice law on your sister's behalf . . . I'm not going to credit your papers." ROA, ECF No. 35-49 at 10:4–8. On June 3, 2024, the Bankruptcy Court granted the Trustee's motion and dismissed the case. ROA, ECF No. 35-48.

After the dismissal, on June 10, 2024, Bauman and Marin filed a motion for reconsideration of the dismissal order and order lifting the automatic stay, along with other filings, including Marin's filing, "Brother's Suggestion of Recusal." ROA, ECF Nos. 35-54, 55, 56, 58. On August 20, 2024, the Bankruptcy Court denied the motion for reconsideration. ROA, ECF No. 35-72. The Bankruptcy Court held that Debtor's arguments fell short of Rule 59's standard and denied the reconsideration request in its entirety as follows:

> The court has considered its dismissal order (ECF No. 59), Debtor's motion to reconsider and accompanying filings (ECF Nos. 64, 65, 66, 67 & 68), the Trustee's opposition (ECF No. 76), Creditor John Bahr's opposition and joinder in opposition (ECF Nos. 78 & 80), Debtor's replies (ECF Nos. 86 & 87), oral argument at the August 7, 2024 hearing, and its own docket. For the following reasons, the court **denies** the reconsideration request.
> On June 3, 2024, the court granted Creditor's stay relief motion, dismissed Debtor's bankruptcy case, and imposed a four-year re-filing bar (ECF No. 59). Debtor moved for reconsider[ation] on June 14, 2024 (ECF No. 64).
> "When a party files a motion for reconsideration within 14

---

[3] John Bahr is the current owner of the subject property. ECF No. 35-24. He purchased the property from Wells Fargo Bank, N.A. after it purchased the property during the foreclosure sale. ECF No. 35-23.

days after the entry of judgment, the motion is treated as a motion to alter or amend judgment under Civil Rule 59(e)." *In re Lee*, BAP Nos. CC-15-1240-DTaKu, CC-15-1272-DTaKu, 2016 WL 1450210, at *7 (B.A.P. 9th Cir. Apr. 11, 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)). Since Debtor sought reconsideration within 14 days of the entry of judgment, the court analyzes her argument under Rule 59 (see ECF Nos. 59, 64, 65, 67 & 68).

Rule 59(e)—made applicable here through Federal Rule of Bankruptcy Procedure 9023—permits the court to reconsider and amend a previous order if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (internal citation marks omitted) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); FED. R. BANKR. P. 8002(b)(2) (providing that a notice of appeal becomes effective after the court disposes of an earlier-filed reconsideration motion).

"Although Civil Rule 59(e) permits a court to reconsider and amend a previous order, 'the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *In re Hooper*, BAP Nos. CC-11-1269-PaMkCa, CC-11-1272-PaMkCa, 2012 WL 603766, at *9 (B.A.P. 9th Cir. Feb. 14, 2012) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d. 229 F.3d. 887, 890 (9th Cir. 2000)).

Debtor fails to identify any previously existing evidence that was not reasonably discoverable before the June 3, 2024 judgment. Instead, her contentions regarding due process violations, court sabotage, and other arguments rely upon evidence that the court already considered (ECF Nos. 64 & 65).

Further, while Debtor dislikes the court's decisions, she identifies no clear error or manifest injustice. At best, her arguments are mere doubts or disagreement[s],[] which will not suffice under Rule 59(e). [*See*] *Bey v. Malec*, No. 18-CV-02626-SI, 2020 WL 3058336, at *2 (N.D. Cal. June 9, 2020) (cleaned up). And the court's dismissal is well-supported by Debtor's

> lengthy bankruptcy history and abusive litigation conduct (ECF No. 59).
>   Nor does Debtor cite any new controlling authority. She contends *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999) the standard for bad faith is bad law and relies on *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015). Yet *In re Blendheim* does not overturn *In re Leavitt*. And regardless, *In re Blendheim* was on the books long before the court entered judgment on June 3, 2024.
>   Debtor's arguments fall short of Rule 59's standard. And her motion is unsupported by law or fact. Accordingly, the court **denies** the reconsideration request in its entirety.
>   IT IS SO ORDERED.

*Id.*

On September 4, 2024, Marin initiated his appeal in this Court; in particular, appealing the August 20, 2024 order denying the motion for reconsideration. ECF No. 1-2. Marin subsequently filed a Motion for Extension of Time to File Requests to Proceed *in Forma Pauperis* ("IFP"), followed by his Motion for Leave to Proceed IFP. ECF Nos. 7, 8. Then, on October 21, 2024, Marin filed Emergency Motions to Stay Pending Appeal and to Stay the State Court Action. ECF Nos. 11, 12. In one of such Emergency Motions, Marin contended that he has standing because he is the title holder of his sister, Debtor Bauman's property, to which he attached a document titled "Grant Deed" purporting to show a sale of the Albatross Property "for consideration of $1.00 dollar." ECF No. 11-5 at Exhibit F.

The case, originally assigned to Judge James E. Simmons, was subsequently transferred to this Court. ECF No. 14. On October 31, 2024, the Court granted Marin's Motion for Leave to Proceed IFP but denied his Emergency Motions.[4] ECF No. 15. The Court subsequently directed Marin to perfect the record as required by Federal Rule of Bankruptcy Procedure 8009, which was completed after several attempts, *see* ECF Nos. 23, 31, 36. The Trustee then moved to strike Marin's Designation of the Record, *see* MTS,

---

[4] The Court also denied Debtor Jordana Bauman's Motion for Leave to Proceed IFP (ECF No. 9) as moot as she was not designated as an appellant in Marin's Notice of Appeal. ECF No. 15 at 4.

1 and the Court set a briefing schedule for the appeal. ECF No. 38. In its Order, the Court
2 directed both Marin and the Trustee to address whether Appellant Marin has standing to
3 bring this appeal. ECF No. 38 at 7.

4 Marin and the Trustee subsequently filed their Briefs. *See* Marin Br.; Trustee Br.;
5 Reply Br.

## STANDARD OF REVIEW

7 To appeal a bankruptcy court order, the appellant bears the burden of demonstrating
8 both (1) Article III standing and (2) that he is "aggrieved" by the order he seeks to appeal.
9 *In re E. Coast Foods, Inc.*, 80 F.4th 901, 905–06 (9th Cir. 2023), *cert. denied sub nom.*,
10 *Clifton Cap. Grp., LLC v. Sharp*, 144 S. Ct. 1064 (2024).

11 To establish Article III standing, an appellant must show (1) he has suffered an
12 "injury in fact" that is concrete, particularized, and actual or imminent; (2) the injury can
13 be fairly traced to the appellee's conduct; and (3) the injury can be redressed by a favorable
14 order from the appellate court. *Id.* at 906 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555,
15 560–61 (1992)). To demonstrate it is aggrieved by a bankruptcy court order, an appellant
16 must show that the order (1) diminishes the appellant's property, (2) increases the
17 appellant's burdens, or (3) detrimentally affects the appellant's rights. *In re P.R.T.C., Inc.*,
18 177 F.3d 774, 777 (9th Cir. 1999).

19 "[F]ederal courts are required sua sponte to examine jurisdictional issues such as
20 standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also*
21 Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter
22 jurisdiction, the court must dismiss the action.").

## DISCUSSION

24 As a threshold matter, Marin must demonstrate that he has standing to challenge the
25 Bankruptcy Order, which is not appealed here by his sister, the Debtor. Marin argues he
26 is "aggrieved" because the Bankruptcy Court's ruling "damaged brother's ownership of
27 the property," and caused "a loss of possession of brother's home." Marin Br. at 2–4.
28 Marin confusingly asserts both that he had a lien on the Albatross Property at some point

before 2006, and as such is a creditor of Wells Fargo, who foreclosed on the property in 2019, and that he was deeded the title by his sister in November 2022. *Id.* at 5. He also argues his possession "should have been protected by his sister's automatic stay in 2024 because although sister disputed brother's lien claim in prior bankruptcies so they were adverse, in late 2022 sister dropped her challenge to brother and transferred her title to brother but retained a 90% lien on the property herself." *Id.* at 4–5.

The Trustee argues that Marin is not an aggrieved party because he does not have a claim as a creditor of his sister's property which was foreclosed upon and from which she was evicted/locked out, as he was neither a debtor in possession nor did he have an interest in the property. Trustee Br. at 6. The Court agrees with the Trustee.

First, Marin's purported deed is not colorable on its face as the record indicates it occurred *after* the property was sold on September 7, 2022, by Wells Fargo to John Bahr. *See* ROA, ECF No. 35-24. This fact goes undisputed by Marin.

Similarly, nothing in the record reflects how Marin could have a lien on the Albatross Property, and there is no dispute the property has been foreclosed upon and sold to a third party, who has since then recorded the deed. *See* ROA, ECF Nos. 35-23, 35-24. While Marin suggests he has a "senior lien" over Wells Fargo because "Bahr waived brother's claim," pointing to his own bankruptcy case, Reply Br. at 3 (citing *In re Marin*, 24-4690-JBM13 (Bankr. S.D. Cal. Dec. 9, 2024)), this provides no support. There, the bankruptcy court dismissed Marin's Chapter 13 case, finding, among other things, that neither Marin nor his sister had an interest in the Albatross Property, as follows.

> The Debtor has incomprehensibly filed a proof of claim as a creditor in his own bankruptcy case. (*See* Proof of Claim No. 5.) In support of this, the Debtor contends that he will further amend his plan to list his sister's ("Ms. Bauman's") "lien" against the Albatross Property [footnote omitted] in addition to or instead of his own claim against this same property. (*See* ECF No. 121, p. 15). This is despite the fact that the record fails to reflect how either of them could have a lien on the property, especially when the lender foreclosed on the property and the buyer evicted both the Debtor and his sister pre-petition.

At the same time the Debtor asserts he has a claim against the Albatross Property, he also contends he owns it and has scheduled his interest in it as a fee simple. (*See* Proof of Claim No. 5; Debtor's initial plan at ECF No. 52; Schedule A at ECF No. 68). There is no dispute that various courts have entered orders that allowed the pre-petition foreclosure sale of the Albatross Property and findings against Debtor and his sister that allowed their eviction from the Albatross Property . . . .

Although the Debtor himself is not a repeat bankruptcy filer, the Debtor has a lengthy history of litigating the Albatross Property's ownership. As discussed above, there are numerous orders from the state and district courts that have determined the Debtor and his sister no longer retain an interest in the Albatross Property. The entry of the orders cannot be disputed, the Debtor's issue is the legal impact of these orders and decisions. The Debtor and Ms. Bauman have been involved in numerous federal and state court proceedings regarding the Albatross Property and Ms. Bauman filed eight bankruptcy cases in which the Debtor has been heavily involved, none of which proceeded to confirmation. The Debtor has engaged in vexatious litigation conduct in many of those cases.[footnote omitted]

For example, in Ms. Bauman's last bankruptcy case she and the Debtor sought to defeat the foreclosure sale of the Albatross Property, which was the same relief that Ms. Bauman failed to obtain in her prior bankruptcy cases. In fact, the prior bankruptcy court found that five of Ms. Bauman's cases attempted to defeat the foreclosure of the Albatross Property and the last two attempted to interfere with an unlawful detainer and lockout. (Case No. 24-01264-CL13, ECF No. 59.)

Now that Ms. Bauman has a four-year bar to refiling, the Debtor has taken up the flag and is trying to do in his bankruptcy case what Ms. Bauman could not accomplish in hers. The Debtor's proposed plan provides for the Trustee to abandon all causes of action related to the subject property (including all claims for violation of the bankruptcy stays) so the Debtor can litigate against various alleged wrongdoers, all while having the benefit of the automatic stay in this case. There is no doubt that the Debtor will continue to fight with the entities that were involved in the Albatross Property's foreclosure and sale (including the purchaser), and any other party that was involved in his eviction ("Litigation Entities") until he has no further

>avenues to pursue. Even though this is the Debtor's first bankruptcy case, this factor therefore weighs in favor of a finding of bad faith and it therefore supports dismissal.

Order on Trustee's Motion to Dismiss at 5–7, *In re Marin*, No. 24-4690-JBM13 (Bankr. S.D. Cal. May 30, 2025), Dkt. No. 169.[5]

The Court notes Marin's arguments may rely on a hope that he will receive a future determination of an interest in the Albatross Property. For instance, Marin points to *Marin v. Bahr*, No. 23-CV-336 (S.D. Cal. Apr. 10, 2025) (hereinafter "*Marin v. Bahr*"), *see* Reply Br. at 19, where he recently brought claims against Wells Fargo and Bahr, among others, alleging that he is entitled to a finding that he is the "owner of the title" of the Albatross Property and requesting the court set aside the sales to Wells Fargo in March 2019 and Bahr in September 2022. Complaint ¶ 242, *Marin v. Bahr*, Dkt. No. 1.[6] Though Marin acknowledges the district court granted judgment against him, he argues that this ruling is "void" and indicates he has pending motions for reconsideration in the case. Reply Br. at 19, 21. Marin also contends that he has appealed, arguing that this makes the ruling not "final," and thus suggests he has standing here as "no court with authority has yet ruled against brother's title." *Id.* at 21. The latter assertion appears dubious at best, as the Court notes in Marin's referenced case his claims against Wells Fargo and Bahr were found to be barred by claim preclusion based on his previous dismissed actions that "conclusively established Wells Fargo's right in the Albatross Street Unit." Order Granting Wells Fargo's Motion for Judgment on the Pleadings at 7, *Marin v. Bahr*, Dkt. No. 77. In any event, to the extent Marin still has available avenues to challenge Wells Fargo and Bahr's respective rights in the property, the possibility of a future determination of an interest in

---

[5] The Court finds it appropriate to take judicial notice of Marin's bankruptcy action here. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [courts] may take judicial notice of judicial proceedings in other courts.").

[6] The Court will also take judicial notice of the document filings and court orders in *Marin v. Bahr*, No. 23-CV-336 (S.D. Cal. Feb. 21, 2023). *See Rosales-Martinez*, 753 F.3d at 894.

the Albatross Property fails to demonstrate "an invasion of a legally protected interest," for the purposes of this bankruptcy appeal, that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (internal quotation marks omitted); *see also United States v. Lazarenko*, 476 F.3d 642, 650 (9th Cir. 2007) (holding lenders' alleged injury was conjectural or hypothetical because it depended on findings of who possessed superior title); *SEC v. Sec. Nw, Inc.,* 573 F.2d 622, 626 (9th Cir. 1978) (appellant's interest "is remote and consequential rather than direct and immediate; he thus lacks standing to maintain the appeal.").

Because Marin's asserted interests in the property are both unsupported by the record and fail to demonstrate that he is "directly and adversely affected pecuniarily" by the Bankruptcy Order, the Court finds that Appellant Marin has not met his burden here of demonstrating he is "aggrieved" by the order he seeks to appeal. *In re P.R.T.C.*, 177 F.3d at 777. Moreover, Marin fails to meet the Article III requirements for standing to participate in this appeal of the Bankruptcy Order, because he has not demonstrated how he has or will suffer a non-conjectural or hypothetical injury of a legally protected interest by this Order. Accordingly, this appeal must be dismissed.

## CONCLUSION

In light of the foregoing, this appeal is **DISMISSED** for lack of standing. Consequently, the Trustee's Motion to Strike (ECF No. 37) is **DENIED AS MOOT**.[7] Accordingly, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 26, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[7] The Court also notes Appellee Michael Koch, the Trustee, filed a Motion to Substitute Attorney asking the Court to substitute Michael Koch, pro se, as counsel of record in place of Rebecca E. Pennington. ECF No. 46. Good cause appearing, the Court **APPROVES** the substitution of attorney and **GRANTS** the Trustee's Motion (ECF No. 46). Accordingly, the July 10, 2025 hearing set for such Motion is **VACATED**.